James F. Quirk, Defendant in Error, v. Joseph S. McDonnell, Plaintiff in Error.

Gen. No. 21,056. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed November 15 1915.

### Statement of the Case.

Action by James F. Quirk, plaintiff, against Joseph S. McDonnell, defendant, in the Municipal Court of Chicago, to recover back money paid under an agreement to sell real estate on the ground of default by the defendant in performance of such agreement. The material parts of the agreement are as follows:

"That if the party of the second part shall first make the payments and perform the covenants herein-

after mentioned on his part to be made and performed, the said party of the first part hereby covenants and agrees to convey and assure to the said party of the second part, in fee simple, clear of all incumbrances whatever by a good and sufficient warranty deed, the lot, piece or parcel of ground situated in the County of Cook and State of Illinois, known and described as Lot 10 in Block 6 in Tolman & Tondelius subdn. of Lot 3, otherwise known as number 3949 S. Artesian avenue, and the said party of the second part hereby covenants and agrees to pay to the said party of the first part the sum of Fourteen Hundred and 00/100 Dollars in the manner following: Three Hundred Dollars on the signing of this agreement and assume a One Hundred to Seven Hundred Dollar mortgage or trust deed to be secured against the property due in about three to five years and the balance of the purchase price at not less than Fifteen Dollars per month, payable monthly in advance on the fifteenth day of each month at the office of J. McDonnell, Chicago, Illinois, with interest at the rate of six (6%) per centum per annum, payable semi-annually, on the whole sum remaining from time to time unpaid, and to pay all taxes, fire insurance assessments or impositions that may be legally levied or imposed upon said land, subsequent to the year 1913. And in case of the failure of the said party of the second part to make either of the payments, or any part thereof, or perform any of the covenants on his part hereby made and entered into, this contract shall at the option of the party of the first part, be forfeited and determined, and the party of the second part shall forfeit all payments made by him on this contract, and such payments shall be retained by the said party of the first part in full satisfaction and in liquidation of all damages by him sustained, and he shall have the right to re-enter and take possession of the premises aforesaid.

"In consideration of the premises herein mentioned the said J. McDonnell agrees to make the following repairs: Straighten and side the basement, build two new stairways, one in front and one in rear, fix water pipe in basement, build 2½-foot cement walk from lot line in front to rear steps."

To reverse a judgment for plaintiff for Three Hundred Dollars, defendant prosecutes this writ of error.

FRANCIS A. McDONNELL, for plaintiff in error.

LITZINGER, McGURN & REID, for defendant in error; LEONARD C. REID, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1.  VENDOR AND PURCHASER, § 333*—*when evidence inadmissible in action to recover back purchase price payments.* Where by the provisions of an agreement to sell real estate it appears that vendor will not be required to make conveyance for a period of more than two years, testimony as to the reasonableness of or the time taken by vendor to perfect his title is irrelevant.

2.  VENDOR AND PURCHASER, § 164*—*when purchaser to have possession.* An agreement to sell real estate wherein it is provided that vendor shall make certain repairs, and that vendee shall pay taxes and other assessments before conveyance, evidences an intention of the parties that vendee shall have possession of the premises before such conveyance.

3.  VENDOR AND PURCHASER, § 164*—*when possession to be given in reasonable time.* Where an agreement to sell real estate shows an intention of the parties that vendee shall have possession before conveyance, and the agreement fixes no definite time when such possession is to be delivered to vendee, the law implies that such possession shall be delivered within a reasonable time.

4.  VENDOR AND PURCHASER, § 164*—*where parol agreement as to delivery of possession valid.* Where an agreement to sell real estate requires that possession be delivered to vendee before conveyance but fixes no time for such delivery, the parties may validly make a parol contract as to what shall be deemed such reasonable time.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.**

5.  EVIDENCE, § 350*—*when parol evidence of collateral agreement admissible.* Where an agreement to sell real estate requires that possession be delivered to vendee before conveyance, but fixes no time for such delivery, parol evidence of a contract fixing such time for delivery is competent, and has no tendency to vary the terms of a written instrument.

6.  VENDOR AND PURCHASER, § 164*—*when delay in delivery of possession unreasonable.* Where an agreement for the sale of real estate dated March 25th gave vendor a period of more than two years in which to make conveyance, but was construed to require delivery of possession to vendee within a reasonable time, and where there was evidence of a verbal agreement to deliver such possession April 15th, a finding that vendor unreasonably delayed to deliver such possession *held* warranted by the evidence, where it appeared that as late as May 18th such possession had not been delivered, although there was evidence that at such last mentioned date vendor had not perfected his title, for the reason that under the agreement the time for conveyance and the time for delivery of possession were not the same, and therefore failure to perfect title did not excuse vendor for unreasonable delay in delivering possession to vendee.